IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| **IRIS CHARMAIN THOMAS,** | CASE NO. **20-72104-JWC** |
| Debtor. | |
| FIRST INVESTORS SERVICING CORP., | |
| Movant, | |
| v. | CONTESTED MATTER |
| IRIS CHARMAIN THOMAS, Debtor; and S. GREGORY HAYS, Trustee, | |
| Respondents. | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that **First Investors Servicing Corp.** has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order of relief from the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion for Relief from Automatic Stay, in Courtroom 1203, The Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at 10:00 am on January 7, 2021.**

Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website (http://www.ganb.uscourts.gov/) prior to the hearing for instructions on whether to appear in person or by phone.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to

grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address for the Clerk's Office is: Clerk, United States Bankruptcy Court, Room 1340, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

IF THE MOTION IS FOR RELIEF FROM STAY, and a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consent to the automatic stay remaining in effect until the Court orders otherwise.

Dated: December 18, 2020              Signature: /s/Philip L. Rubin
                                      Philip L. Rubin
                                      5555 Glenridge Connector
                                      Suite 900
                                      Atlanta, Georgia 30342
                                      (404) 869-6900
                                      prubin@lrglaw.com
                                      Bar Number 618525

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | : CHAPTER 7 |
| **IRIS CHARMAIN THOMAS,** | : CASE NO. **20-72104-JWC** |
| Debtor. | : |
| — — — — — — — — — — | : — — — — — — — — — — |
| FIRST INVESTORS SERVICING CORP., | : |
| Movant, | : |
| v. | : CONTESTED MATTER |
| IRIS CHARMAIN THOMAS, Debtor; and S. GREGORY HAYS, Trustee, | : |
| Respondents. | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES FIRST INVESTORS SERVICING CORP. (the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On November 27, 2020, Iris Charmain Thomas ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 7, and said case is pending before this Court.

2.

Movant has a net claim in this case secured by a first priority lien against Debtor's vehicle, to wit: 2016 Ford Edge (the "Collateral"). The approximate payoff is $20,201.67. Loan documents supporting the claim are served herewith on the parties. Debtor is currently delinquent $1,084.74 to Movant. Debtor intends to voluntarily surrender Collateral to Movant.

3.

Movant does not have proof of insurance protecting its interest in the Collateral or has been advised that there is no insurance in force.

4.

Debtor does not have equity in the Collateral and the Collateral is not necessary to a reorganization that is in prospect. There is no equity in the Collateral to benefit the estate and the Trustee's interest should be abandoned.

5.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to recover and dispose of the Collateral. Movant requests the right to file an amended proof of claim after liquidation of the Collateral.

6.

Movant requests that Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) Grant Movant relief from the automatic stay under 11 U.S.C. Section 362(d) so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated therefrom to its claim in this case, and if the disposition results in a deficiency, amend its claim filed in this case, subject to objection;

(c) Rule 4001(a)(3) be waived; and

(d) Grant such other and further relief as the Court deems to be just and proper.

This December 18, 2020.

                                    The Law Office of
LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
Attorneys for Movant

By:/s/ Philip L. Rubin
     Philip L. Rubin
     Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| **IRIS CHARMAIN THOMAS,** | CASE NO. **20-72104-JWC** |
| Debtor. | |
| FIRST INVESTORS SERVICING CORP., | |
| Movant, | |
| v. | CONTESTED MATTER |
| IRIS CHARMAIN THOMAS, Debtor; and S. GREGORY HAYS, Trustee, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the MOTION FOR RELIEF FROM AUTOMATIC STAY and NOTICE OF HEARING on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Iris Charmain Thomas
5274 Ridge Forest Drive
Stone Mountain, GA 30083

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

This December 18, 2020.

        The Law Office of
        LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
        Attorneys for Movant

        By: /s/ Philip L. Rubin
            Philip L. Rubin
            Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

12/11/2020    ELT Printout



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# First Investors Financial Services

## Lien and Title Information

### Account Information

| | | | |
|---|---|---|---|
| Account Number | | Financed Date | 10/24/2017 |
| Loan Number | | Perfected Date | 11/29/2017 |
| Branch | | Payoff Date | |
| Borrower 1 | IRIS CHARMAIN THOMAS | Dealer ID | |
| Borrower 2 | | Dealer | Credit Karma |
| Borrower Address | 3100 LUMBY DRIVE<br>DECATUR, GA 30034-0000 | Dealer Address | 5757 Woodway Dr Ste 400<br>Houston, TX 77057 |

### Lienholder

| | |
|---|---|
| ELT Lien ID | |
| Lienholder | FIRST INVESTORS FINANCIAL SERVICES |
| Lienholder Address | |
| Lien Release Date | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| VIN | 2FMPK3G92GBC39648 | Issuance Date | 11/29/2017 |
| Title Number | 771007173261002 | Received Date | 11/29/2017 |
| Title State | GA | ELT/Paper | ELECTRONIC |
| Year | 2016 | Odometer Reading | |
| Make | FORD | Branding | |
| Model | | | |
| Owner 1 | IRIS C THOMAS | | |
| Owner 2 | | | |
| Owner Address | 3100 LUMBY DR APT 713<br>DECATUR, GA 300347602 | | |

Printed: Friday, December 11, 2020 12:57:18 PM PST

## Note, Disclosure, and Security Agreement

**Lender**

First Investors Financial Services, Inc.
5757 Woodway Dr., Ste 400
Houston, TX 77257-2427

**Borrower**

Ins Charmain Thomas

3100 Lumby Drive Apt 713
Decatur, GA 30034

☐ Refer to the attached addendum for additional Borrowers and their signatures.

Loan Number _____
Loan Date  10/24/2017
Maturity Date 11/08/2023
Loan Amount 24,792.11
Renewal of  N/A

### Truth-in-Lending Disclosures

| Annual Percentage Rate<br>The cost of my credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost me. | Amount Financed<br>The amount of credit provided to me or on my behalf. | Total of Payments<br>The amount I will have paid when I have made all scheduled payments. |
|---|---|---|---|
| 16.601 % | $ 14,789.17   e | $ 24,792.11 | $ 39,581.28   e |

My Payment Schedule Will Be:

"e" means an estimate.

| Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 Months | $ 549.74 | Monthly, beginning 12/08/2017 |
| | $ | |
| | $ | |
| | $ | |

**Demand.** ☐ This note has a demand feature. ☐ This note is payable on demand and all disclosures are based on an assumed maturity of one year.

**Prepayment.** If I pay off this note early, I ☐ may ☒ will not have to pay a minimum interest charge.
☒ If I pay off this note early, I will not be entitled to a refund of part of the additional finance charge
☒ Late Charge. If a payment is late (more than __10__ days after due) I will be charged 5% of the unpaid payment or $25 whichever is greater.

Security. I am giving a security interest in:
☐ the goods or property being purchased.
☐ collateral securing other loans with you may also secure this loan.

☒ (brief description of other property)
   2016  Ford Truck      Edge-4 Cyl.      2FMPK3G92GBC39648

Filing Fees. $ __18.00__
Non-filing Insurance. $ __N/A__

☐ Required Deposit. The annual percentage rate does not take into account my required deposit.

☒ Assumption. Someone buying the property securing this obligation cannot assume the remainder of the obligation on the original terms.
Contract Documents. I can see my contract documents for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

### Itemization of Amount Financed

| | |
|---|---|
| Amount given to me directly | $ 0.00 |
| Amount paid on my (loan) account | $ 0.00 |
| | $ 0.00 |
| Amount paid to others on my behalf<br>(You may retain or receive a portion of these amounts.) | |
| To insurance companies | $ 0.00 |
| To public officials | $ 18.00 |
| Exeter Finance | $ 24,774.11 |
| | $ 0.00 |
| (less) Prepaid Finance Charge(s) | $ 0.00 |
| Amount Financed | $ 24,792.11 |

### Promissory Note

Definitions. As used in this Loan Agreement, ☒ indicates terms that apply to this Loan Agreement. *Loan Agreement* refers to this Promissory Note, Security Agreement, and Truth in Lending Disclosures, and any extensions, renewals, modifications, and substitutions of this Loan Agreement. *Loan* refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction, such as applications, security agreements, disclosures, or notes, and this Loan Agreement. *Security Agreement* refers to the security agreement contained within this Loan Agreement. *Secured Debts* refers to all sums advanced to you under the terms of the Loan Agreement, and all present and future debts (if the All Debts subsection of the Security Agreement has been checked). The pronouns *I*, *me* and *my* refer to each Borrower signing this Loan Agreement, individually and together with their heirs, successors and assigns, and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this Loan Agreement. *You* and *your* refer to the Lender and its successors and assigns.

Simple Interest Note, Disclosure, and Security Agreement

© 2002 Bankers Systems, Inc., St. Cloud, MN Form NDsS-SI-GA 8/1/2002 EGANDS1 mdl

Consumer Loan - Not for Open-End Credit
Page 1 of 4

**Promise to Pay.** For value received, I promise to pay to you, or your order, at your address above, the principal sum of $ 24,792.11 plus interest from the date we disburse the loan proceeds at the rate of 16.60 % per year until Maturity. Interest accrues on a 365/365 basis. I agree to pay late charges in accordance with the provisions shown in the Truth-in-Lending Disclosures. The purpose of this loan is auto.

**Payment.** I will pay this note as follows:
☐ Interest due

Principal due

☒ This note has 72 payments. The first payment will be in the amount of $ 549.74 and will be due 12/08/2017. A payment of $ 549.74 will be due on the same day of each month thereafter. The final payment of the entire unpaid balance of principal and interest will be due 11/08/2023.

**How We Will Apply Payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment. The actual amount of my final payment will depend on my payment record.

**Interest.** Interest will accrue on the unpaid principal balance until paid in full. For interest calculation, the accrual method will determine the number of days in a year. The interest rate and other charges on this Loan Agreement will never exceed the highest rate or charge allowed by law for this loan. If the amount collected is found to exceed the highest rate or charge allowed, you will refund an amount necessary to comply with the law.

**Post-Maturity Interest.** Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues before maturity, unless a specific post-maturity interest rate is agreed to in the next sentence.

☒ Interest will accrue at the rate of 16.60 % per year on the balance of this note not paid at maturity, including maturity by acceleration.

For purposes of this section, final maturity occurs on any of the following dates.
♦ If this Loan Agreement is payable on demand, on the date you make demand for payment.
♦ If this Loan Agreement is payable on demand with alternate payment date(s), on the date you make demand for payment or on the final alternate payment date, whichever is earlier.
♦ On the date of the last scheduled payment of principal.
♦ On the date you accelerate the due date of this Loan Agreement (demand immediate payment).

**Prepayment.** I may prepay this Loan Agreement in whole or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

☐ **Additional Finance Charge.** I also agree to pay a nonrefundable fee of $ N/A, and it will be ☐ paid in cash ☐ paid pro rata over the loan term. ☐ withheld from the proceeds. (If this fee is withheld from the proceeds, the amount is included in the principal sum.)

☐ **Minimum Interest Charge.** I agree to pay a minimum interest charge of $ N/A if I pay this note off before you have earned that much in interest.

☐ **Other Terms.**

**Commissions.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**Warranties and Representations.** I have the power and authority to enter into this Loan Agreement. The execution and delivery of this Loan Agreement will not violate any agreement governing me or my property, or to which I am a party.

I own all of the Property, unless otherwise agreed and disclosed to you in writing. Your claim to the Property is ahead of the claims of any other creditor, except as disclosed in writing to you prior to any advance on the Secured Debts. The Property has not been and will not be used for any purpose that would violate any laws or subject the Property to forfeiture or seizure.

**Default.** Subject to any limitations in the Real Estate or Residence Security section, I will be in default if any of the following occur.
♦ I fail to make a payment when due.
♦ I fail to perform any condition or keep any promise of this or any agreement I have made with you.

**Remedies.** Subject to any limitations in the Real Estate or Residence Security section, after I default, and after you give any legally required notice and opportunity to cure the default, you may at your option do any one or more of the following.
♦ Make all or any part of the amount owing by the terms of this Loan Agreement due.
♦ Use any and all remedies you have under state or federal law, or in any instrument securing this Loan Agreement.
♦ Make a claim for any and all insurance benefits or refunds that may be available on my default.
♦ Set off any amount due and payable under the terms of this Loan Agreement against my right to receive money from you, unless prohibited by law.
♦ Make amounts advanced on my behalf due and add those amounts to the balance owing under the terms of this Loan Agreement.
♦ Require me to gather the Property and make it available to you in a reasonable fashion (unless prohibited by law); keep or dispose of the Property as provided by law; apply the proceeds to your expenses of collection and enforcement and then to the Secured Debts; and, unless prohibited by law, and following any required notice of deficiency, hold me liable for any deficiency if what you receive from the sale does not satisfy the Secured Debts.

By choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**Real Estate or Residence Security.** If this Loan Agreement is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this Loan Agreement.

**Waivers.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate, and notice of dishonor. You may renew or extend payments on this Loan Agreement, regardless of the number of such renewals or extensions. You may release any Borrower, endorser, guarantor, surety, accommodation maker, or any other cosigner. You may release, substitute, or impair any Property securing this Loan Agreement.

**Collection Expenses and Attorneys' Fees.** On or after Default, to the extent permitted by law, I agree to pay all reasonable expenses of collection, enforcement, or protection of your rights and remedies under this Loan Agreement. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. I agree to pay 15% of the principal and interest owing as attorneys' fees. These expenses are due and payable immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the rate provided in the terms of this Loan Agreement. All fees and expenses will be secured by the Property I have granted you, if any. To the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

General Provisions. This Loan Agreement is governed by the laws of Georgia, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located. If two or more Borrowers sign this Loan Agreement, we are liable to repay jointly and severally. This Loan Agreement is the complete and final expression of our agreement. No modification of this Loan Agreement is effective unless made in writing and signed by me and you. The duties and benefits of this Loan Agreement will bind and benefit the successors and assigns of me and you. If any provision of this Loan Agreement is unenforceable, then the unenforceable provision will be severed and the remaining provisions will be enforceable.

Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to my last known address. Notice to one party will be deemed to be notice to all parties. Where a notice is required, I agree that 10 days prior written notice will be reasonable notice to me under the Uniform Commercial Code or other applicable state law.

I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. My name and address are my exact legal name and my principal residence. I will provide you with at least 30 days notice prior to changing my name or principal residence.

I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property.

### Security Agreement

Security. To secure the obligations of this Loan Agreement, I give you a security interest in the Property described below:

2016  Ford Truck    Edge-4 Cyl.           2FMPK3G92GBC39648

☐ All Debts. The Property will also serve as collateral for all present and future debts.

☐ Other Security. This Loan Agreement is secured by

Generally. *Property* means any collateral described in this Loan Agreement in which I have an interest, now or in the future, wherever the Property is or will be located, and all proceeds and products from the Property. Property includes all parts, accessories, repairs, replacements, improvements, and accessions to the Property; any original evidence of title or ownership; and all obligations that support the payment or performance of the Property.

If the All Debts subsection is checked, the Property also secures all present and future debts, even if this Loan Agreement is not referenced in the debt instrument, the future debts are also secured by other collateral, or if the future debt is unrelated to or of a different type than this debt. Nothing in this Loan Agreement is a commitment to make future loans or advances. This Loan Agreement will not secure any debt for which you fail to give any required notice of the right of rescission (i.e., right to cancel), or any debt for which a non-possessory, non-purchase money security interest is created in *household goods* in connection with a *consumer loan*, as those terms are defined by federal law governing unfair and deceptive credit practices.

Purchase Money Security Interest. If this is a purchase money loan (the loan proceeds are used to purchase the collateral), I authorize you, at your option, to disburse the loan proceeds directly to the seller of the Property. The portion of the Property purchased with loan proceeds will remain subject to your purchase money security interest until the Secured Debts are paid in full. Payments on any non-purchase money loan also secured by this Security Agreement will not be applied to the purchase money loan. Payments on the purchase money loan will be applied first to the non-purchase money portion of the loan, if any, and then to the purchase money portion in the order in which the purchase money Property was acquired. If the purchase money Property was acquired at the same time, then payments will be applied in the order you select. No security interest will be terminated by application of this formula.

Waiver and Assignment of Exemptions. I waive and renounce all exemptions provided by the constitution and the law of the State of Georgia as they relate to any interest in property given as security for this note. I assign to you sufficient amount of such exemptions to pay the amount due under this note. I direct the trustee to deliver to you a sufficient amount of such secured property claimed as exempt to pay off the amount so allowed on this note.

Assumptions. Someone buying the Property cannot assume the obligation. You may declare the entire balance of the Loan Agreement to be immediately due and payable upon the creation of, or contract for the creation of, a transfer or sale of the Property.

Perfection of Security Interest. I authorize you to file a financing statement covering the Property. I agree to comply with, facilitate, and otherwise assist you in connection with perfecting your security interest under the Uniform Commercial Code.

Duties Toward Property. I will protect the Property and your interest against any competing claim. Except as otherwise provided in this Loan Agreement, I will keep the Property in my possession at the address indicated in this Loan Agreement. I will keep the Property in good repair and use it only for personal, family, or household purposes. I will immediately inform you of any loss or damage to the Property. You have the right of reasonable access to inspect the Property.

I will keep books, records, and accounts about the Property and my assets in general, to which I will allow you reasonable access. I will pay all taxes and assessments levied or assessed against me or the Property. I will not sell, lease, license, or otherwise transfer or encumber the Property without your prior written consent. You do not authorize any sale or other disposition of the Property. Any sale or disposition you do not authorize will violate your rights.

If I pledge the Property to you (deliver the Property into your, or your designated third party's possession or control), I will, upon receipt, deliver any proceeds and products of the Property to you. I will provide you with any notices, documents, financial statements, reports, and other information relating to the Property I receive as the owner of the Property.

Insurance. I agree to keep the Property insured against the risks reasonably associated with the Property until the Property is released from this Security Agreement. I may provide the required insurance through an existing policy of insurance that I own or control, or through a policy that I buy. I have free choice in the selection of an insurance company, subject to applicable law. I will maintain this insurance in the amounts you require and have the insurance company name you as loss payee on any insurance policy. I will give you and the insurance company immediate notice of any loss. You may apply the insurance proceeds toward what is owed on the Secured Debts. If the insurance proceeds do not cover the amounts I owe you, I will pay the difference. You may require additional security as a condition of permitting any insurance proceeds to be used to repair or replace the Property. If you acquire the Property in damaged condition, my rights to any insurance policies and proceeds will pass to you to the extent of the Secured Debts. I will immediately notify you of cancellation or termination of insurance.

> I am required to maintain insurance on the Property to protect your interest. If I fail to maintain the required insurance, or fail to provide you with evidence of insurance, I understand and agree to the following.
> ♦ You may (but are not required to) place insurance on the Property to protect your interest, which will not cover my equity in the Property.
> ♦ The insurance you provide may be written by a company other than one I would choose and may be written at a higher rate than I could obtain if I purchased the insurance.
> ♦ I will pay for the costs of any Property Insurance you provide.

Authority to Perform. I authorize you to do anything you deem reasonably necessary to protect the Property and your security interest in the Property. If I fail to perform any of my duties under this Loan Agreement, you are authorized, after providing me with any required notice and opportunity to perform, to perform the duties or cause them to be performed and add the costs of performance to the Secured Debts. These authorizations include, but are not limited to, permission to pay for the repair, maintenance, and preservation of the Property and taking any action to obtain or preserve the benefits and rights of the Property. Your authority to perform for me will not create an obligation to perform and your failure to perform will not preclude you from exercising any other rights under the law or this Security Agreement. If you come into actual or constructive possession of the Property, you will preserve and protect the Property to the extent required by law. Your duty of care with respect to the Property will be satisfied if you exercise reasonable care in the safekeeping of the Property or in the selection of a third party in possession of the Property.

### Third Party Agreement

For the purposes of the provisions within this enclosure, I, me or my means the person signing below and you means the Lender identified in this Loan Agreement.

I agree to give you a security interest in the Property that is described in the Security Agreement section. I agree to the terms of this Loan Agreement, but I am in no way personally liable for payment of the debt. This means that if the Borrower defaults, my interest in the secured Property may be used to satisfy the Borrower's debt. I agree that you may, without releasing me or the Property from this Third Party Agreement and without notice or demand upon me, extend new credit to any Borrower, renew or change this Loan Agreement one or more times and for any term, or fail to perfect your security interest in, impair, or release any security (including guaranties) for the obligations of any Borrower.

By signing under seal, I agree to the terms contained in this Loan Agreement. I have received a completed copy of this Loan Agreement.

X _____N/A_____ (Seal)
   _____N/A_____

Attach FTC "Preservation of Consumer Claims and Defenses" Notice if Applicable.

### Insurance

Credit Insurance. Credit life, credit accident and sickness (disability), and any other insurance coverage quoted below, are not required to obtain credit and you will not provide them unless I sign and agree to pay the additional premium. If I want such insurance, you will obtain it for me (if I qualify for coverage). You are quoting below ONLY the coverages I have chosen to purchase.

| Credit Life | | | | Premium | $ | N/A |
| ☐ Single | ☐ Joint | ☐ None | | Term | | N/A |
| Credit Disability | | | | Premium | $ | N/A |
| ☐ Single | ☐ Joint | ☐ None | | Term | | N/A |
| N/A | | | | Premium | $ | N/A |
| ☐ Single | ☐ Joint | ☐ None | | Term | | N/A |

Signature. My signature below means I want (only) the insurance coverage(s) quoted above. If "None" is checked, I have declined the coverage you offered.

X _____ DOB _____

X _____ DOB _____

X _____ DOB _____

☐ Single Interest Insurance. I may obtain single interest insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ __N/A__
for _N/A_____ of coverage

☒ Property Insurance. I may obtain property insurance from anyone I want that is acceptable to you. If I get the insurance from or through you I will pay $ __N/A__ for
N/A _____ of coverage.

### Federal Sale of Insurance Disclosure

Product refers to any insurance product or annuity I purchase from you. With regard to any Product I purchase from you, the following apply.
- The Product is not a deposit account or other obligation of any depository institution or any affiliate of any depository institution.
- The Product is not guaranteed or insured by any depository institution or any affiliate of any depository institution.
- The Product is not insured by the Federal Deposit Insurance Corporation (FDIC).
- The Product, except in the case of Federal Flood Insurance or Federal Crop Insurance, is not insured by any federal government agency
- ☐ If this box is checked, there is Investment risk associated with the Product, including the possible loss of value.

By signing, I acknowledge that I have received a copy of this disclosure on today's date. Unless these disclosures are provided electronically or I have purchased the Product by mail, I also acknowledge that you have provided these disclosures to me orally.

X _____N/A_____ Date _____

X _____N/A_____ Date _____

X _____N/A_____ Date _____

### NOTICE TO COSIGNER

You (the cosigner) are being asked to guaranty this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You also may have to pay late fees or collection costs, which increase this amount.

The creditor can collect this debt from you without first trying to collect from the borrower. The creditor can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become part of your credit record.

This notice is not the contract that makes you liable for the debt.

### Signatures

By signing, under seal, I agree to the terms contained in this Loan Agreement. I also acknowledge receipt of a copy of this Loan Agreement on today's date.

Cosigners. See Notice to Cosigner above before signing.

X __/s/ Iris C. Thomas_____ (Seal)
   Iris Charmain Thomas

X _____ (Seal)

X _____ (Seal)

(Optional)
Signed __/s/ Christian M Vazquez_____ For Lender
Title

Simple Interest Note, Disclosure, and Security Agreement

© 2002 Bankers Systems, Inc., St. Cloud, MN Form NDaS-SI-GA 6/1/2002   EGANDS1.mdf

Consumer Loan - Not for Open-End Credit

Page 4 of 4